UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DANIEL CINEVERT,

                Plaintiff,

        - against -

VARSITY BUS CO., INC. *et al.*,

                Defendants.

------------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-1223 (RRM) (VVP)

ROSLYNN R. MAUSKOPF, United States District Judge.

*Pro se* plaintiff Daniel Cinevert ("Cinevert") brings this action, sounding in employment

discrimination and intentional tort, against his former employer, Varsity Bus Company, Inc.

("Varsity"),[1] several of its individual employees, and the Department of Education's Office of

Pupil Transportation ("the DOE").  Currently before the Court is the DOE's fully-briefed[2]

motion to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure

12(b)(6) ("Rule 12(b)(6)").  (Doc. No. 61.)  For the reasons set forth below, the DOE's motion is

GRANTED.

## BACKGROUND

**I.**    **Facts**[3]

      Briefly stated, and as alleged, from 1998 to 2010, Cinevert worked at Varsity as a school

bus driver, and he was subject to inspections and oversight by the DOE's Office of Pupil

---

[1] On May 9, 2014, before Judge Pohorelsky, Cinevert reached an oral settlement agreement with Varsity and its employees.  Cinevert has since voiced his rejection of that settlement and his intention to continue the lawsuit against the Varsity defendants.  By separate Order issued this day, the Court has ordered Cinervert to show cause in writing why this Court should not enforce the oral settlement agreement.

[2] On January 9, 2014, Cinevert filed an unauthorized sur-reply to the DOE's reply.  (Doc. No. 68.)  The Court nonetheless considers that submission in deciding the instant motion.

[3] For the purposes of Rule 12(b)(6) review, the Court takes all factual allegations in Cinevert's complaint as true and draws all reasonable inferences in his favor.  *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

Transportation. Cinevert claims that, during his employment at Varsity, he was discriminated against on the basis of his Haitian ancestry and age, and defamed and caused to suffer emotional distress by alleged comments calling him a homosexual, a drug user, and a thief. As relevant to the motion at hand, Cinevert specifically alleges that DOE inspectors did the following: on March 19, 2009 and October 19, 2010, inspected the bus that Cinevert was driving; conducted surveillance of Cinevert at unspecified times while he drove his bus routes; on April 26, 2010, "worked in connivance" with Varsity to change the "conditions" of Cinevert's job by adding a new student to his route, which required Cinevert to begin work earlier in the morning and to drive the bus through a dangerous intersection; and, following his resignation from Varsity on January 4, 2011, cancelled his bus-driving "certified card." (Plaintiff's Second Amended Complaint ("Pl.'s Comp.") (Doc. No. 36) ¶¶ 21, 64, 70, 85, 88, 135, 209.)

## II.    Procedural History

On January, 24, 2012, Cinevert filed a complaint against Varsity and a number of its employees in Kings County Supreme Court. (Doc. No. 4.) On March 13, 2012, Varsity removed the action to this Court. (Doc. No. 1.) On April 25, 2013, Cinevert filed the operative pleading in this case – the "2nd Amended Complaint" – in which he named the DOE as a defendant for the first time.[4] (Doc. No. 36.)

Cinevert's complaint, read broadly, is construed to raise the following causes of action: race discrimination under 42 U.S.C. § 2000-3 ("Title VII"), 42 U.S.C. § 1981 ("§ 1981"), the New York State Human Rights Law as codified in New York Executive Law § 296 ("SHRL"),

---

[4] Following removal, Cinevert moved for the appointment of counsel, which Magistrate Judge Viktor V. Pohorelsky granted on July 19, 2012. (Doc. No. 18.) On February 21, 2013, Cinevert filed an "Amended Complaint" through counsel. (Doc. No. 30.) The attorney soon moved to withdraw from the case based on attorney/client disagreements, which Judge Pohorelsky granted after a hearing on March 29, 2013. (Doc. No. 35.) Judge Pohorelsky further granted Cinevert's motion to file an additional amended complaint (*id.*), and Cinevert, once more acting *pro se*, filed the "2nd Amended Complaint" on April 25, 2013. (Doc. No. 36.)

and the New York City Human Rights Law as codified in New York Administrative Code §§ 8-101 *et seq.* ("CHRL"); retaliation under Title VII; age discrimination under the Age Discrimination in Employment Act ("ADEA"); "constructive discharge"; and common law actions for defamation and intentional infliction of emotional distress.

## LEGAL STANDARD

In order to withstand a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not contain "'detailed factual allegations,'" but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

"Although a *pro se* plaintiff must satisfy pleading requirements, the Court is 'obligated to construe a *pro se* complaint liberally.'" *Malachi v. Postgraduate Ctr. for Mental Health*, No. 10-CV-3527 (RRM) (LB), 2013 WL 782614, at *1 (E.D.N.Y. Mar. 1, 2013) (quoting *Harris*, 572 F.3d at 71–72). In other words, the Court holds *pro se* pleadings to a less exacting standard than complaints drafted by attorneys, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and reads such pleadings to "raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (citations omitted). Nevertheless, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist," *Molina v. New York*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995), and "[w]hen a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, the Court must dismiss the claim." *Malachi*, 2013 WL 782614, at *1 (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997)).

**DISCUSSION**

I.      **Race and Age Discrimination Claims, and Title VII Retaliation Claim**

Cinevert raises a host of claims under federal and state law sounding in race and age discrimination, and for retaliation ostensibly concerning protected action under Title VII. However, in his opposition to the DOE's motion to dismiss, Cinevert repeatedly and unequivocally states that he is *not* advancing any claims of race or age discrimination against the DOE. (*See* Pl.'s Opp'n at 1 ("Plaintiff has to say that he does not involve DOE in the age and race discrimination claims"), 9 ("Plaintiff never has [sic] the intention to include Defendant DOE in the 'age and race discrimination' claims"), 10 ("Plaintiff does not bring absolutely no [sic] age and race discrimination claims against Defendant DOE").) As such, the Court construes that aspect of Cinevert's response as a motion to withdraw such claims against the DOE. *See generally Ibraheem v. Wackenhut Services, Inc.*, No. 09-CV-5335 (SLT), 2011 WL 4592832, at *2 (E.D.N.Y. Sept. 30, 2011) ("In the Plaintiff's [opposition to the motion to dismiss], the [P]laintiff withdraws his Title VII claim against the United States, leaving the Title VII claim only as to Wackenhut Services and Janet Napolitano. They [sic] further withdraw all state law claims against the Federal Defendants").

As a consequence, the Court will not consider, as against the DOE, any of Cinevert's federal or state law claims sounding in race or age discrimination. Those withdrawn causes of action arise under Title VII (including Cinevert's retaliation claim under Title VII), § 1981, SHRL, CHRL, and ADEA. To the extent that Cinevert's generic claim for "constructive discharge" concerns an alleged hostile work environment engendered by race- and/or age-based

4

discrimination (as opposed to claims for intentional state tort claims, his claim for constructive discharge is deemed withdrawn as well.[5]

## II.     Supplemental Jurisdiction

Cinevert's remaining causes of action against the DOE are based exclusively in state law – namely, defamation, intentional infliction of emotional distress, and arguably constructive discharge.  The Court must therefore decide whether to exercise supplemental jurisdiction over these claims in deciding the DOE's motion, or whether to dismiss them without prejudice.[6]

Pursuant to 28 U.S.C. § 1367(c), a district court "may decline to exercise supplemental jurisdiction over [pendent state law claims] if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Dismissal of the state law claims, however, is not "absolutely mandatory," and the authority whether to retain or decline jurisdiction over pendent state law claims resides in the sound discretion of the Court.  *See Marcus v. AT & T Co.*, 138 F.3d 46, 57 (2d Cir. 1998); *Klaper v. Cypress Hills Cemetery*, No. 10-CV-1811 (NGG), 2014 WL 1343449, at *13 (E.D.N.Y. Mar. 31, 2014).  While failure to dismiss a pendent state law claim after dismissing a federal claim may sometimes be improper – especially when the state claim involves novel questions of state law, *see Robison v. Via*, 821 F.2d 913, 925 (2d Cir. 1987) – dismissal is not always required.  Rather, the Court must "consider and weigh in each case, and at every stage of the litigation, the values of judicial

---

[5] If the Court were not treating those claims as withdrawn, it would reject them on both procedural and substantive grounds.  As the BOE correctly argues in its motion to dismiss, with the partial exception of Cinevert's action under § 1981, every other claim (under Title VII, SHRL, CHRL, and ADEA) is time-barred as well as foreclosed by Cinevert's failure to exhaust the requisite administrative remedies.  (*See* BOE's Mem. of Law at 5–8; BOE's Rply Mem. of Law at 4–10.)  Moreover, Cinevert fails to allege any facts plausibly suggesting that, as to the BOE, the complained-of conduct occurred under circumstances giving rise to an inference of race or age discrimination.
[6] The Court notes that local boards of education in New York are not considered arms of the state, and thus the BOE does not enjoy Eleventh Amendment immunity from being sued in federal court. *See Gorton v. Gettel*, 554 F.3d 60, 62 (2d Cir. 2009).

economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction" over the pendent claim. *Raucci v. Town of Rotterdam*, 902 F.2d 1050, 1054–55 (2d Cir. 1990).

Here, the Court exercises its discretion to retain jurisdiction over Cinevert's remaining state law claims against the DOE. First, those pendent claims are part of the same case or controversy as the federal claims, which still exist against the Varsity defendants. Second, because there have already been extensive pretrial proceedings in federal court (including discovery with respect to Varsity and its employees), and because the Court is familiar with the facts and legal issues, judicial economy and convenience favor exercising supplemental jurisdiction. Finally, Cinevert's pendent claims, which are for intentional torts under New York common law, do not involve novel or complex issues of state law. As detailed below, those claims are also plainly meritless for a number of procedural and substantive reasons. Thus, deciding these claims now will save future, needless litigation in state court.

## III. Defamation

To begin, Cinevert confusingly argues that, by cancelling his bus-driving certification "because of the defamations" previously committed against him – *i.e.*, "gay defamation," "drug defamation," and "theft defamation" – the DOE itself committed defamation. (Pl.'s Opp'n at 10.)

Under New York law, a viable cause of action for defamation requires that a plaintiff allege, among other things, a false statement about the plaintiff, and the publication of that statement to a third party without authorization or privilege. *See Gargiulo v. Forster & Garbus, Esqs.*, 651 F. Supp. 2d 188, 192 (S.D.N.Y. 2009) (citing *Dillon v. City of New York*, 261 A.D.2d 34 (1st Dep't 1999)); *see also Thorsen v. Sons of Norway*, No. 13-CV- 2572 (PKC), 2014 WL 507466, at *14 (E.D.N.Y. Feb. 6, 2014). The statute of limitations for a defamation action is

generally one year, *see* N.Y. C.P.L.R. § 215(3), which accrues at the time of the defendant's original publication of the defamatory statement. *See Nussenzweig v. diCorcia*, 9 N.Y.3d 184, 188 (2007). However, a defamation claim against a school district defendant, including its board of education, is subject to New York's notice-of-claim rules, which require that a plaintiff file a notice of claim within ninety days of the accrual of his action. The one-year statute of limitations runs from that ninety-day mark. *See, e.g.*, *Eaton v. Wayne Central School Dist.*, No. 13-CV-6423L (DGL), 2014 WL 2453301, at *2 (W.D.N.Y. June 2, 2014) (citing, *inter alia*, N.Y. Educ. Law § 3813(2) and N.Y. Gen. Mun. Law § 50-I).

Guided by these principles, Cinevert's defamation claim fails. For starters, Cinevert does not plead that he ever filed a notice of claim against the DOE, and he has therefore failed to satisfy this threshold procedural requirement for bringing such a claim. *See Hart v. City of N.Y.*, No. 11-CV-4678 (RA), 2013 WL 6139648, at *11 (S.D.N.Y. Nov. 18, 2013) ("The requirement to file a notice of claim is strictly construed by New York state courts, and failure to comply with this requirement requires a dismissal for failure to state a cause of action") (quoting *Hardy v. N.Y. City Health & Hosp. Corp.*, 164 F.3d 789, 792–93 (2d Cir.1999)) (internal quotations omitted).

Cinevert's defamation action is also time-barred. Putting aside Cinevert's illogical argument that the DOE's cancellation of his certification was itself an actionable instance of defamation, and construing his complaint liberally, the latest alleged DOE action to which Cinevert's defamation claim could conceivably apply was on October 19, 2010, when the DOE inspected his bus. (Pl.'s Comp. ¶ 88.) Because Cinevert did not file his complaint in state court

until more than fifteen months later on January 24, 2012, and did not add the DOE as a defendant until April 24, 2013, his cause of action for defamation is time-barred.[7]

As a substantive matter, Cinevert clearly fails to state a claim for defamation against the DOE. Nothing in Cinevert's scattered pleadings suggests that the DOE or one of its inspectors made, much less published, a false statement. Cinevert's complaint thus fails to satisfy this foundational pleading requirement for defamation. Indeed, as noted, Cinevert contends that the DOE cancelled his certification "*because of*" defamation previously committed against him (apparently by Varsity employees). Needless to say, it defies logic for Cinevert to argue that the putative result of a prior defamation committed against him also constitutes the defamation about which he complains. In short, Cinevert's defamation action against the DOE simply does not make sense, and therefore fails to state a plausible claim for relief.

## IV.     Intentional Infliction of Emotional Distress

Cinevert asserts that the DOE committed intentional infliction of emotional distress ("IIED") against him because the "frequent presence" of its inspectors during his tenure at Varsity "inflicted emotional distress on [Cinevert's] innermost soul." (Pl.'s Opp'n at 10.) The Court presumes that Cinevert's IIED claim also embraces his allegations concerning the DOE's cancellation of his certification.

To maintain a claim for IIED under New York law, a plaintiff must prove "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection

_____

[7] Even if the BOE's January 4, 2011 cancellation of Cinevert's certification could somehow qualify as "defamation," Cinevert's action would still be time-barred. Inasmuch as Cinevert argues that his defamation claim is timely because the alleged defamatory statement by the BOE (which Cinevert never identifies) is republished whenever he repeats the circumstances of his resignation from Varsity – such as when he applies for a new job (Pl.'s Opp'n at 10, Exh. J (job application in which Cinevert wrote that he left Varsity because of "defamations, mistreatment, [and] threatening")) – a false statement is not republished simply because Cinevert writes the word "defamation" on a job application. Anyway, Cinevert's voluntary publication of such a statement would vitiate any claim for defamation. *See Mandelblatt v. Perelman*, 683 F. Supp. 379 (S.D.N.Y. 1988) (citing, *inter alia*, *Teichner v. Bellan*, 7 A.D.2d 247 (4th Dep't 1959)).

between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996); *Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 121 (1993); *see Ibraheem v. Wackenhut Serv., Inc.*, No. 09-CV-5335 (PKC), 2014 WL 1873393, at *13 (E.D.N.Y. May 9, 2014). In New York, the tort of IIED is "extremely disfavored," *Hogan v. J.P. Morgan Chase Bank*, No. 05-CV-5342 (JS), 2008 WL 4185875, at *4 (E.D.N.Y. Sept. 4, 2008), and New York law sets a high bar for pleading conduct that is sufficiently "extreme and outrageous" to comprise IIED. *See Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293, 303 (1983) (the conduct must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community") (citations and quotations omitted).

Like an action for defamation, an IIED claim is subject to a one-year statute of limitations. *See Yong Men Mo v. Gee Ming Chan*, 17 A.D.3d 356, 358 (2d Dep't 2005) (citing N.Y. C.P.L.R. § 215(3)). A claim for IIED against a school district, including a board of education, is subject to New York's notice-of-claim provisions, thereby requiring that a plaintiff file a notice of claim within ninety days of the accrual of his action. *See, e.g.*, *Eaton v. Wayne Central School Dist.*, No. 13-CV-6423L (DGL), 2014 WL 2453301, at *2 (W.D.N.Y. June 2, 2014) (citing, *inter alia*, N.Y. Educ. Law § 3813(2) and N.Y. Gen. Mun. Law § 50-I).

Cinevert's IIED claim must be dismissed, first, because he fails to allege that he filed a notice of claim against the DOE within ninety days of the accrual of his action – which transpired, at the latest, when the DOE cancelled his certification on January 4, 2011. Second, even if Cinevert had complied with the notice-of-claim requirement, his action would be time-barred. Cinevert resigned from Varsity in December 2010, and he did not add the DOE as a defendant until April 24, 2013, which was well beyond the one-year statute of limitations for an

IIED cause of action.[8]  Third, Cinevert's IIED claim fails because, insofar as he is suing the DOE

and not individuals, New York "bars claims sounding in [IIED] against a governmental entity."

*Collins v. City of New York*, 923 F. Supp. 2d 462 (E.D.N.Y. 2013) (quoting *Lauer v. City of New*

*York*, 240 A.D.2d 543 (2d Dep't 1997)).

Turning to the substance of the complaint, Cinevert's allegations fail to state a claim for

IIED.  Cinevert sets forth facts reflecting that, at best, the DOE frequently inspected and

monitored the buses that he was driving while working for Varsity.  Cinevert has alleged nothing

plausibly indicating that these inspections differed from those that the DOE conducted of other

bus drivers or were somehow improper – much less that the nature of those inspections, or their

frequency, was so extreme and outrageous that it could viably support a claim of IIED.  *See*

*Semper v. N.Y. Methodist Hosp.*, 786 F. Supp. 2d 566, 587 (E.D.N.Y. 2011) ("Acts which merely

constitute harassment, disrespectful or disparate treatment, a hostile environment, humiliating

criticism, intimidation, insults or other indignities fail to sustain a claim of [IIED] because the

conduct alleged is not sufficiently outrageous") (citation omitted); *Gerzog v. London Fog Corp.*,

907 F. Supp. 590, 604 (E.D.N.Y. 1995) ("[New York] courts are wary of allowing plaintiffs to

recharacterize their claims for wrongful or abusive discharge, both of which are not recognized

in New York, as claims for intentional infliction of emotional distress") (citing *Murphy v.*

*American Home Prods. Corp.*, 58 N.Y.2d 293, 303 (1983)).  Accordingly, Cinevert's IIED claim

is dismissed for failure to state a claim.

---

[8] To the extent Cinevert's IIED claim would have been filed within one year and ninety days of accrual if his amendment to the complaint (adding the BOE as a defendant) is deemed to "relate back" to the original filing of the action on January 24, 2012, the Court need not address that convoluted hypothetical scenario.  That is because, as already noted in the text, Cinevert never complied in the first instance with New York's ninety-day notice-of-claim requirement.

## V.     "Constructive Discharge" Under New York Law

An action for constructive discharge under New York law requires a plaintiff to plead that an "employer deliberately created working conditions so intolerable, difficult or unpleasant that a reasonable person would have felt compelled to resign." *Short v. Deutsche Bank Securities, Inc.*, 79 A.D.3d 503, 504 (1st Dep't 2010) (citation and quotations omitted); *see Messer v. Board of Educ. of City of New York*, No. 01-CV-6129 (JFB), 2007 WL 136027, at *22 (E.D.N.Y. Jan. 16, 2007).[9] New York's notice-of-claim requirement applies to an action against the DOE for constructive discharge. *See generally Field v. Tonawanda City School Dist.*, 604 F. Supp. 2d 544, 573–74 (W.D.N.Y. 2009).

Here, any claim against the DOE under New York law for constructive discharge is foreclosed because Cinevert has failed to plead that he complied with the notice-of-claim requirement. Cinevert's allegations also do not state a valid claim for relief. As explained, Cinevert has withdrawn his claims of race- and age-based discrimination against the DOE, and his corresponding allegations are therefore inapplicable to any remaining claim of constructive discharge. Assuming that the DOE could even be considered Cinevert's "employer" in this context, the alleged conduct that supposedly compelled his resignation – *i.e.*, the DOE inspecting and monitoring the buses that Cinevert drove, and the DOE's alleged complicity in modifying Cinevert's bus route by adding an additional student – is insufficient, on its face, to demonstrate an intolerable work environment that would lead a reasonable person to feel compelled to resign. Inasmuch as Cinevert's claim of constructive discharge is intended to seek relief for purported harassment in a general sense that he suffered at the hands of the DOE, New York does not recognize an action to recover damages for harassment. *See Ameduri v. Village of Frankfort*,

---

[9] Under New York law, an action for constructive discharge has a three-year statute of limitations. *See Williams v. Environmental Defense Fund*, 246 A.D.2d 644 (2d Dep't 1998).

No. 11-CV-50 (NAM), 2014 WL 1311929 (N.D.N.Y. Mar. 31, 2014) (citing *Santoro v. Town of Smithtown*, 40 A.D.3d 736, 738 (2d Dep't 2007)).

## VI.    Leave to Re-Plead

Although Cinevert has not requested leave to file an amended complaint, the Court is mindful that dismissals under Rule 12(b)(6) are often granted with leave to re-plead, unless the Court determines that such leave would be futile.  *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party").  Granting an opportunity to re-plead is futile where the problems with the complaint are substantive, and would not be cured by better pleading.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile").

In this action, any attempt to re-plead would be futile, for the numerous reasons already described at length.  Cinevert has withdrawn his racial- and age-based claims against the DOE, and has sought at length to explain, in both his response and sur-reply to the DOE's motion, why he believes the DOE is liable to him for the remaining intentional tort claims.  However, none of those explanations asserts facts that would plausibly support any type of actionable tortious claim under New York law.  It would thus be futile to allow Cinevert a further opportunity to re-plead, and leave to that effect is denied.

### CONCLUSION

The DOE's motion to dismiss (Doc. No. 61) is granted, and Cinevert's complaint against the DOE is dismissed in its entirety.  The Clerk of Court is directed to enter judgment as to the

DOE, mail a copy of this Memorandum and Order and the accompanying judgment to *pro se*

plaintiff, note the mailing on the docket, and terminate the DOE as a party.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
        September 22, 2014

_____
ROSLYNN R. MAUSKOPF
United States District Judge