UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

DANIEL CINEVERT,

                     Plaintiff,

- against -

VARSITY BUS CO., Inc., et al.

                     Defendants.

------------------------------------------------------------ X

NOT FOR PUBLICATION

**MEMORANDUM DECISION AND ORDER**

12-cv-01223 (AMD)(PK)

**ANN DONNELLY**, District Judge.

The plaintiff, proceeding *pro se*, Daniel Cinevert, brought this action against his former employer, Varsity Bus Co., Inc., along with several of its employees, alleging defamation and discrimination due to his age and race. For the reasons stated below, this case is dismissed for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

Familiarity with the facts of this case is assumed. On May 8, 2014, the parties agreed to settle the case, and a record was made before Magistrate Judge Viktor Pohorelsky. The plaintiff then challenged the settlement as unfair, and Judge Roslynn Mauskopf required the plaintiff to show cause "why the oral settlement agreement, placed on the record on May 8, 2014, should not be enforced."[1] After reviewing the plaintiff's submission on this issue, on June 7, 2016, this

---

[1] This case was reassigned to me on November 18, 2015.

1

Court issued an order enforcing the settlement agreement that the parties had reached before Judge Pohorelsky. The order specified that the parties were to take the steps necessary to consummate the settlement, and were to submit a stipulation of dismissal to the Court by September 9, 2016.

When the parties missed this deadline, on September 15, 2016, the Court extended their time to submit a stipulation of dismissal or status update to October 6, 2016. On that date, the Court received a letter from the plaintiff arguing that the settlement was unfair and should not be enforced. (ECF 102.) In response, on October 24, 2016, the Court entered an order denying the plaintiff's request that the court reconsider its decision to enforce the settlement, to the extent that the plaintiff's letter could be construed that way. (ECF 103.) The Court also explained that based on its enforcement of the settlement agreement, the plaintiff could seek the settlement amount from Mr. Brettschneider, the former owner of Varsity Bus Company. The Court noted, however, that if he chose not to do so, there would be no further steps for the Court to take in this matter. The Court gave the plaintiff until November 21, 2016 to submit either a stipulation of dismissal or an update as to the status of the settlement payment. The Court warned the plaintiff that a failure to comply with its order could result in a dismissal of the case pursuant to Federal Rules of Civil Procedure 41(b). It is now December 20, 2016, and the Court has not received any communication from the plaintiff in response to this order.

## ANALYSIS

Federal Rule of Civil Procedure Rule 41(b) provides, in part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss this action or any claim against it." It is well established that this rule "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Davis v. Town of*

*Hempstead*, 597 Fed. Appx. 31, 32 (2d Cir. 2015) (quoting *Le Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001)). In deciding whether to dismiss a case pursuant to Rule 41(b), the Court considers five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (internal citations omitted).

These factors favor dismissal of the case. First, more than six months have passed since the Court enforced the settlement between the parties, and more than three months have passed since they were to submit a stipulation of dismissal in this case. *See Yadav v. Brookhaven Nat. Laboratory*, 487 Fed.Appx. 671, 672-73 (2d Cir. 2012) (dilatory conduct of three months weighed in favor of dismissal); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982) (delay by plaintiff can warrant dismissal of a case "after merely a matter of months"). The Court then twice extended that deadline. While the plaintiff did respond to the Court's September 15, 2016 order, he did not, as ordered, submit a stipulation of dismissal or status update. Rather, he once again argued that the settlement was unfair and should not have been enforced. In response, the Court explained that the plaintiff had not raised anything that would lead it to reconsider its order enforcing the settlement, and that the plaintiff did not have the option of reviving his lawsuit. Second, in that order – the Court's third order setting a date by which the parties were to submit a stipulation of dismissal – the Court warned the plaintiff that a failure to comply with its order could result in a dismissal of his case pursuant to Rule 41(b).

3

With respect to the third factor – whether the defendants will be prejudiced – it is not clear to the Court whether the plaintiff has even reached out to the defendants to seek his settlement payment. However, it would be unfair to the defendants to allow this case to remain open indefinitely, especially as nearly two and a half years have now passed since the time Mr. Brettschneider agreed to a settlement on the record.[2] As to the fourth factor, the Court's interest in managing its docket weighs in favor of dismissing this case. The Court has resolved the only remaining open question in this case: whether the settlement between the parties was enforceable. The last step would be for the plaintiff to enforce the settlement and to submit a stipulation of dismissal in this case. The Court has given the plaintiff several opportunities to take those steps, but despite the Court's orders, the plaintiff has not submitted a stipulation of dismissal or an update on any efforts he has made to enforce the settlement. Therefore, the Court's need to avoid docket congestion outweighs any need by the plaintiff to allow this case to remain open. Finally, at this late stage of the case, there are no lesser sanctions that would be effective.

Therefore, although district courts should exercise caution in dismissing a *pro se* plaintiff's case for procedural deficiencies, *Davis*, 597 Fed.Appx. at 32, the Court finds that dismissal is warranted here.

## CONCLUSION

For the foregoing reasons, this action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

---

[2] The Court's dismissal of this case does not mean that the settlement reached between the parties is not valid and enforceable; rather, it means that the Court no longer has jurisdiction to enforce that settlement. *See Hendrickson v. United States*, 791 F.3d 354, 359-60 (2d Cir. 2015).

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
       December 20, 2016